IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 5, 2020

## STATE OF TENNESSEE v. ERIC D. WALLACE

**Appeal from the Criminal Court for Shelby County**
**No. 95-03054, 95-03055    J. Robert Carter, Jr., Judge**

_____

### No. W2019-01140-CCA-R3-CD

_____

In 1995, the Defendant, Eric D. Wallace, was convicted in the Shelby County Criminal Court in case number 95-03054 of first degree felony murder and in case number 95-03055 of attempted first degree murder and was sentenced to consecutive terms of life and fifteen years. The judgment forms reflected over 1,000 days of jail credit awarded in each case. In April 2019, apparently in response to a declaratory judgment action filed by the Defendant against the Department of Correction in the Davidson County Chancery Court, pretrial jail credits that were erroneously included in case number 95-03055 were presumably deleted from the judgment form by notation on the original judgment. The pro se Defendant is now attempting to appeal to this court the trial court's alleged correction of the judgment in case number 95-03055 to remove the erroneously applied jail credits. In the meantime, the Defendant has an appeal of the decision of the Davidson County Chancery Court in his declaratory judgment action pending before the Court of Appeals. Because the record in this case is wholly inadequate for this court to determine what, if anything occurred in the criminal court, and the Defendant appears to have an appeal pending concerning the same matter in the Court of Appeals, we dismiss this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

ALAN E. GLENN, J., delivered the opinion of the court, in which THOMAS T. WOODALL and D. KELLY THOMAS, JR., JJ., joined.

Eric D. Wallace, Henning, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie R. Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTS

From what we can glean from the inadequate record on appeal, the Defendant was convicted in 1995 in the Shelby County Criminal Court in two separate cases, case numbers 95-03054 and 95-03055, of first degree felony murder and attempted first degree murder. The trial court sentenced him to consecutive terms of life for the first degree felony murder conviction and fifteen years for the attempted first degree murder conviction. The judgment forms for the two cases were apparently erroneously filled out, resulting in the Defendant's being awarded duplicate pretrial jail credits to which he was not entitled in his attempted first degree murder case.

The record contains a January 9, 2018 "Order Denying Motion to Correct Illegal Sentence" by the Shelby County Criminal Court in response to the Defendant's November 15, 2017 Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence, which was apparently based on the Defendant's assertion that he should have been sentenced by the jury instead of the trial court. The motion itself is not in the record.

On June 11, 2019, the Defendant filed the notice of appeal that has resulted in the instant matter currently before this court. In his notice of appeal, the Defendant stated that he was appealing the corrected judgment entered in case number 95-03055, which removed his pretrial jail credits, and a copy of which was "slid under [the Defendant's] cell door" on April 17, 2019, while a "declaratory judgment was filed and pending in the Chancery Court of Davidson County." The State responded with a motion to dismiss based on its assumption that the Defendant was attempting to appeal the trial court's January 2018 denial of the Defendant's motion to correct an illegal sentence. On December 20, 2019, this court entered an order denying the State's motion to dismiss, waiving the timely filing of the notice of appeal requirement, and directing the trial court clerk "to assemble and transmit a corrected record on appeal containing copies of all documents filed in relation to the entry of corrected judgment in case number 95-03055, including any motion filed by either party pursuant to Rule of Criminal Procedure 36 and the corrected judgment signed and filed by the trial court on April 9, 2019." Our December 20, 2019 order states in pertinent part:

> In the instant appeal, the [Defendant] filed a notice of appeal on or about June 11, 2019. It is evident that the [Defendant], who is *pro se*, is attempting to appeal a corrected judgment entered in case number 95-03055 on or about April 9, 2019. However, the record prepared and transmitted on appeal by the trial court clerk does not accurately reflect what occurred in the trial court in relation to the instant appeal. Tenn. R. App. P. 24(g). Instead,

it contains copies of a motion filed by the [Defendant] in 2009 "for clerical mistakes and [to] modify judgment" and a trial court order filed on January 9, 2018, denying the [Defendant's] motion to correct an illegal sentence which, according to that order, was filed on November 15, 2017. That 2017 motion is not included in the record, however. The record also contains copies of the original indictments issued in 1995 and other motions filed during the trial in 1995. Copies of the original judgments entered in 1995 are also included. And while there is a copy of the 1995 judgment in case number 95-03055 that appears to have handwritten notes reflecting April 9, 2019, dates, the copy of that judgment, if it is indeed a corrected judgment, does not have any recent file stamp or other indication made by a trial judge in 2019. In other words, the record does not contain a properly executed corrected judgment. See Tenn. Sup. Ct. R. 17.

A very brief supplemental record was subsequently sent to this court. Included in it is an identical copy of what was purported to be the amended judgment in case number 95-03055, which was included in the original record sent to this court; namely, the original judgment with the pretrial jail credits crossed out and the handwritten notation "OR 4/9/19" and "Do not duplicate 4/9/19." There is also a separate sheet of paper, without any case number attached, with a box marked "Orders attached to Judgment" in which is handwritten the following unsigned notation: "Jail Credits remove Sledge vs. State of Tn ruling 4/9/19."

Not included in the record on appeal, but attached to the Defendant's brief, is a motion for summary judgment filed in the Chancery Court of Davidson County by the Tennessee Department of Correction in response to the Defendant's July 24, 2018 petition for a declaratory judgment with respect to the calculation of his sentence credits. According to the appellate court case tracking system, the Defendant's appeal of the decision in that case, Eric D. Wallace v. Tony Parker, Commissioner, No. M2019-01044-COA-R3-CV, is currently pending before the Court of Appeals. It is apparently the decision in that declaratory judgment case that resulted in the correction of the Defendant's pretrial jail credits in case number 95-03055, if, in fact, any such correction actually occurred. We agree with the State that the criminal court has the authority under Rule 36 to correct clerical mistakes in the judgment and should have done so by filing an amended judgment in the case, if warranted. Moreover, it is the trial court, rather than the Tennessee Department of Correction, which has the authority to correct the judgment. See Frederick Sledge v. Tenn. Dep't of Correction, No. M2014-02564-COA-R3-CV, 2015 WL 742857, at *6 (Tenn. Ct. App. Nov. 20, 2015).

The record, however, is unclear as to what transpired in this case, including what individual or entity was responsible for the handwritten "corrections" on the original

judgment form. No Rule 36 motion concerning the duplicate jail credits appears in the record before this court, and there is not an amended judgment signed by the trial judge and entered into the record. Because the record is wholly inadequate for us to determine exactly what occurred, and the Defendant appears to be attempting to simultaneously pursue an appeal of the decision of the Davidson County Chancery Court in both this court and in the Court of Appeals, we dismiss this appeal.

## CONCLUSION

Because the record in this case is wholly inadequate for us to determine what occurred in the trial court, and the Defendant appears to have an appeal pending in the Court of Appeals with respect to the same matter, we dismiss the appeal.

_____
ALAN E. GLENN, JUDGE